DOROTHY CUTONE

*v.*

EDWARD MICHAEL CUTONE, JR.

*and*

DOROTHY CUTONE

*v.*

EDWARD MICHAEL CUTONE, JR.

(No. 14613)

Decided January 12, 1982.

Donell, De La Mater & Hagg and W. Dean De La Mater for appellant.

*Bogarad Robertson & William R. Kiefer* for appellee.

McHugh, Justice:

This is an appeal by Mrs. Dorothy Cutone from an order of the Circuit Court of Hancock County holding that she had abandoned her right to quarantine in her deceased husband's estate. Quarantine is the right of a surviving spouse to occupy and enjoy his or her former marital residence, or mansion house, until such time as dower is formally assigned.* The appellant's specific assignment of

---

* *See, Amiss v. Hiteshew,* 106 W.Va. 703, 147 S.E.2d (1929); *W.Va. Code,* 43-1-10 [1923].

error, that the evidence presented did not support a finding of abandonment, raises what we believe is a more fundamental question of first impression, that question being: What are the factors to be considered in determining whether an abandonment of quarantine has occurred? After determining what the factors are, we conclude that the evidence was not sufficiently developed during the appellant's trial for us to rule on the specific assignment of error, and we remand for further development.

Edward Michael Cutone, the appellant's husband, died testate in Hancock County on September 7, 1973. At the time of his death his marital residence was titled in his name alone. By his will, dated June 7, 1973, he devised the residence to his son, Edward Michael Cutone, Jr., and bequeathed other property to Mrs. Cutone, his wife. Mrs. Cutone, after learning of the contents of the will, renounced it, and in lieu of the other property bequeathed her, elected to take her statutory share of the estate.

On January 18, 1974, approximately four months after her husband's death, Mrs. Cutone, who apparently was unaware of her rights in connection with the mansion house, moved into an apartment. Apparently this was done so that Edward Michael Cutone, Jr. could obtain possession of the house.

On February 13, 1974, Mrs. Cutone, after consulting a lawyer, petitioned the Circuit Court of Hancock County for the assignment of dower and for a sum equal to the fair rental value of the mansion house until dower was assigned. At the same time, she notified Edward Michael Cutone, Jr. and his wife, either to pay reasonable rent for the house or to vacate it so that she could obtain tenants for it. When Edward Michael Cutone, Jr., failed to respond to her notice, she instituted another action for possession of the house and for damages for its detention. In response to her petition, Edward Michael Cutone, Jr., and his wife, asserted that Mrs. Cutone had abandoned her right to quarantine, the right upon which her claims to rent and to the possession of the premises were predicated.

The assignment question was referred to a commissioner, and after receiving the commissioner's report, the circuit court, on July 11, 1975, determined that assignment of dower in kind was not feasible and declared that Mrs. Cutone's dower interest in the mansion house was worth $6,088.54. The court ordered Edward Michael Cutone, Jr. to pay Mrs. Cutone that amount in lieu of dower. After she had received the $6,088.54, Mrs. Cutone moved for summary judgment on the question of her entitlement to rent. Based upon her right to quarantine, the court denied the motion, heard evidence, and concluded that she had abandoned the property and that she was not entitled to rent.

In the present appeal Mrs. Cutone asserts that the court erred in finding that she had abandoned her right to quarantine.

The question of when an abandonment of quarantine occurs is one of first impression in West Virginia. Any discussion of it must begin with *W.Va. Code,* 43-1-10 [1923], which governs a surviving spouses entitlement to quarantine. That statute provides, in part:

> "Until dower is assigned, the surviving spouse may hold, occupy, and enjoy the mansion house and curtilage without charge for rent, repairs, taxes, or insurance; and, in the meantime, he or she shall be entitled to demand of the heirs, devisees, or alienees, or any of them, one-third part of the issues and profits of the other real estate which descended or was devised or passed to them, of which he or she is dowable, after deducting the cost of necessary repairs, taxes, and insurance."

In *Holt v. Holt,* 96 W.Va. 337, 123 S.E. 53 (1924), we noted that this provision is primarily for the surviving spouse's comfort and support. It is not designed to confine him or her to the marital domicile. It is, in effect, a device to provide for the surviving spouse's support during the transitional period between the deceased spouse's death and the formal assignment of dower. In *Holt* we recognized that it gives the surviving spouse not only right to

rent it but also the right to enjoy it until such time as dower is assigned. In Syllabus Point 6 of *Holt* we concluded:

> "After the death of her husband and prior to assignment of dower, a widow is entitled to hold, occupy and enjoy the mansion-house, either by actual occupancy or by renting it to others. If, during such period, the administrator of the deceased husband's estate rents the mansion-house, the widow, in an accounting with him is entitled to receive the rents therefrom, without deduction of taxes or charges for fire insurance upon the mansion-house which have been paid by him; but he may deduct from the rents so collected a reasonable sum necessarily expended by him to keep the premises in repair."

While we have never specifically held that quarantine may be abandoned, we implicitly recognized that it could be in *Love v. Ward*, 121 W.Va. 516, 5 S.E.2d 411 (1939). Such a position is consonant with the general American view. *See, Owen v. Lee*, 185 Va. 160, 37 S.E.2d 848 (1946); *Maring v. Meeker*, 263 Ill. 136, 105 N.E. 31 (1914); 34 C.J.S. *Executors and Administrators* § 331 (1942).

Although we have never discussed what constitutes abandonment in the specific quarantine context, we have recognized in the more general property content that: "A party . . . abandons the possession of land, when he leaves it free to the occupation of the next owner, whoever he may be, without any intention to repossess it and regardless and indifferent as to what may become of it in the future." *Mitchell v. Carder*, 21 W.Va. 277, 285 (1883); *see also, Kunst v. Mabie*, 72 W.Va. 202, 77 S.E. 987 (1913). This position is similar to the one adopted by the Virginia court on quarantine in *Owen v. Lee, supra.*

In *Owen v. Lee, supra,* the court was asked to determine whether a widow had abandoned her right to quarantine when she voluntarily left her mansion house and sought employment in another city. The court considered the existing American authority on the subject and found

that there was an abandonment, but only after noting that upon consulting an attorney the widow had made no demand for possession of the mansion house or rent from it even though she had brought suit regarding certain other aspects of her deceased husband's estate. From a careful reading of the case it is apparent that the court was persuaded to find abandonment because the widow over a considerable period of time had made no demand for the property and had evidenced an indifference toward it.

Quarantine is an ancient property right, the character of which is obscure even to many lawyers. *See, Amiss v. Hiteshew,* 106 W.Va. 703, 147 S.E. 26 (1929). It is different from many property rights, including those discussed in *Mitchell v. Carder, supra,* in that it arises by operation of the law, without conveyance and without notice to the party entitled to it.

The factors considered by the Virginia court in *Owen v. Lee, supra,* for determining whether an abandonment of quarantine has occurred are identical to those adopted by us for other property rights in *Mitchell v. Carder, supra,* We believe that those factors should be considered in West Virginia in determining whether abandonment of quarantine has occurred. However, because quarantine is an obscure right, and because we do not feel that a person can demonstrate a lack of intention to repossess property unless he knows that he is entitled to it, we believe that in addition to the factors stated in *Mitchell v. Carder, supra,* there must be a showing that the person who has parted from the property knew of the existence of the right of quarantine before he departed and before he can be held legally to have abandoned the right. Accordingly, we hold that an abandonment of the legal right of quarantine should be deemed to occur only where: (1) A person entitled to the right of quarantine has actually abandoned possession of the property subject to the right; (2) Prior to, or at the time of, abandoning possession of the property the person knew of the existence of his right of quarantine; (3) After abandoning possession of the property the person entitled to quarantine has demonstrated

a lack of intention to repossess it; and (4) The person entitled to quarantine has demonstrated an apparent indifference to what would become of the property.

In deciding the question presented in this appeal we have noted that there is a paucity of law on the subject and that the trial judge did not have available law elucidating the factors to be considered in determining whether an abandonment of quarantine has occurred. We believe that for that reason the evidence relating to the four factors discussed above was not developed in the record. In the absence of such evidence we cannot determine whether the trial court was correct or not in ruling that Mrs. Cutone had abandoned her right to quarantine. Accordingly we believe that the case should be remanded for development of the evidence and for reconsideration in light of the factors set forth herein.

We note that under *W.Va Code*, 43-1-10 [1923], a surviving spouse's right to occupy or rent a mansion house persists only until there is an assignment of dower. We cannot perceive that the Legislature intended, and we can find no law indicating, that the widow of a party leaving an estate susceptible to assignment of dower in kind should be treated differently in regard to quarantine than the widow of a party leaving an estate not susceptible to assignment of dower in kind. Like an assignment order, and order directing payment of a cash sum in lieu of dower terminates a dower assignment proceeding. We, therefore, believe that in a proceeding where dower cannot be assigned in kind, the date of entry of the order commuting dower into a cash sum should be the date at which the right of quarantine ceases.

For the reasons set forth, this case is remanded to the Circuit Court of Hancock County with directions that the evidence be more fully developed and that the case be reconsidered in accordance with the principles set forth herein.

*Remanded with directions.*